IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| ASHLEY TUCKER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 1:25-cv-02 (LAG) |
| | : | |
| JEAN ROILDAX LOPS and | : | |
| VGT TRANSPORTATION, INC., | : | |
| | : | |
| Defendants. | : | |

**ORDER DENYING PLAINTIFF'S MOTION TO EXCLUDE DEFENDANTS' EXPERT WITNESSES AND DENYING DEFENDANTS' MOTION TO EXCLUDE PLAINTIFF'S EXERT WITNESS**

This matter comes before the Court on Plaintiff's Motion to Exclude Defendants' Expert Witnesses, David John Gower, M.D., F.A.C.S. ("Dr. Gower") and Richard V. Baratta, Ph.D., P.E. ("Dr. Baratta"). (Doc. 21). On August 21, 2025, Defendants responded to Plaintiff's motion and filed a joint Motion to Exclude Plaintiff's Expert Witness, Pavalli Cherukupally, M.D., LCP-C ("Dr. Cherukupally"). (Doc. 22). This matter was referred to the undersigned for decision on October 7, 2025. The Parties' motions are now ripe for review.

Before turning to the merits, the Court notes that this is one of the worst examples of the pot calling the kettle black that this Court has seen in quite some time. The failure of one party to follow the rules does not create an exception for another party to disregard the rules. Here, it seems axiomatic that before the Parties accused each other of violating Federal Rules of Civil Procedure, they would at least take care to sweep around their own front door. The Court especially notes Plaintiff's slipperiness regarding her failure to disclose that she failed to timely disclose her own

expert witness, Dr. Cherukupally. This level of gamesmanship and a lack of complete candor to this Court will not be tolerated and could result in future sanctions.

I.  **Facts, Relevant Procedural History**

The Court assumes familiarity with the underlying facts and will not further detail them here. In summary, this "is a personal injury action arising [from] a motor vehicle collision that occurred on March 27, 2024" in Turner County, Georgia. (Doc. 8-1, at 1-2). Defendant Jean Roildax Lops was the driver of a tractor-trailer owned by Defendant VGT Transportation, Inc. *Id.* at 2. Plaintiff seeks damages for her injuries, pain, and suffering. *Id.*

On August 16, 2024, Plaintiff filed the instant civil action against Defendants in the State Court of Turner County. (Doc. 1-2). On January 3, 2025, Defendants removed the case to federal court. (Doc. 1). On February 7, 2025, the District Court entered a Scheduling and Discovery Order, which set attendant deadlines accordingly. (Doc. 8). The Scheduling and Discovery Order requires that Plaintiff submit her expert opinions first, and, one month later, Defendants submit their expert reports. Of relevance here, the District Court set Wednesday, May 7, 2025, as the deadline for Plaintiff to disclose the identity of her expert witness. *Id.* at 1. Defendants were ordered to disclose the identity of their expert witness on or before Monday, June 9, 2025. *Id.* The District Court further ordered that any supplemental expert reports be served on or before Thursday, July 17, 2025. *Id.* A reasonable amount of time was afforded for the parties to complete discovery,[1] including time to depose properly disclosed experts after submission of both sides' reports. In this case, fact discovery ended on August 7, 2025. *Id.* at 2. Neither Party sought an extension from the District Court to extend the case deadlines. All deadlines in the Scheduling and Discovery Order

---

[1] The District Court granted the Parties' request for an 8-month discovery period instead of the more common 6-month discovery period.

have now elapsed. This case has not been scheduled for a pretrial conference, nor has a trial date been set.

On August 11, 2025, Plaintiff filed a Motion to Exclude Defendants' Experts, stating that Defendants delinquently served their expert disclosures on "July 17, 2025, 38 days after their deadline in this Court"s Scheduling Order and only 3 weeks before the end of discovery." (Doc. 21, at 2). Contrarily, Plaintiff's motion also states that, in response to discovery requests from Plaintiff, Defendants "attempted" to disclose Dr. Gower and Dr. Baratta on June 9, 2025. *Id.* (referencing Doc. 21-2). Reportedly, the June 9th disclosure states Defendants' experts "will provide testimony regarding injuries, causation, accident reconstruction, forces involved in the subject action, the scene of the subject accident, and will review numerous documents."[2] *Id*. Plaintiff argues the June 9th disclosure was insufficient because it failed "to provide any information other than the Expert's names and CVs prevented Plaintiff from being able to prepare a *Daubert* motion if necessary or to depose the Experts." *Id*. at 5.

On August 21, 2025, Defendants filed a response in opposition to Plaintiff's motion and a Motion to Exclude Plaintiff's Expert, stating that Plaintiff served her initial expert disclosures on "June 5, 2025, nearly a month after the deadline set forth by the Court." (Doc. 22, at 2). Defendants also contend that, on June 9, 2025, they timely "served Plaintiff's counsel with their Expert Witness Disclosures Pursuant to Rule 26, disclosing David John Gower, M.D., F.A.C.S.[,] and Richard Baratta, Ph.D., P.E. as their testifying experts." *Id.* at 3. At that time, they submitted a Curriculum Vitae for Dr. Gower along with his fee schedule. *Id.* Defendants also claim they submitted a Curriculum Vitae for Dr. Baratta, her fee schedule, and a list of her publications and testimonial

---

[2] The Court has thoroughly reviewed Exhibit B and does not find the quoted language in that document. It could be that the quoted language was contained in Defendants' written responses to Plaintiff's discovery requests, but those responses were not attached as an exhibit to Plaintiff's motion.

3

history. *Id.* at 3. In the June 9th disclosure, Plaintiff was advised that "Defendants will supplement with the complete Rule 26 Expert reports from Dr. Gower and Dr. Baratta on or before July 17, 2025, pursuant to the Court-entered Scheduling Order dated February 7, 2025." *Id*. at 3. Indirectly admitting that their June 9th expert witness disclosure was incomplete, Defendants also told Plaintiff that they were unable to fully comply with Rule 26(a)(2)(B) because Plaintiff failed to disclose her expert witness timely; Plaintiff produced "additional medical records and bills regarding treatment Plaintiff claims is related to the underlying accident on June 5, 2025"; and because "Dr. Barrata [sic] and Dr. Gower have not yet had an opportunity to fully review and analyze Plaintiff's complete medical records and bills which the parties continue to gather[.]" (Doc. 21-2, at 3-4). On July 17, 2025, Defendants supplemented their expert disclosures to provide the final reports of Dr. Gower and Dr. Baratta, an updated CV for Dr. Gower, testimonial history for Dr. Gower, and the fee schedule for Dr. Gower. (Doc. 21-3).

Plaintiff asks this Court to exclude Defendants' supplemental disclosures because they "were served a mere 20 days prior to the conclusion of the discovery period."[3] (Doc. 21, at 2). Plaintiff suggests that she has been prejudiced by Defendants' delay in supplementing their expert disclosures because the discovery period was set to expire on August 7, 2024, and additional time was required for Plaintiff "to conduct depositions of the Experts, find and retain a rebuttal expert, and properly disclose them with their report[.]" *Id.* In response, Defendants assert that they "attempted to communicate with Plaintiff's counsel a week prior to the expiration of discovery to inquire whether Plaintiff would consent to a Joint Motion to Amend the Case Management Order to allow for additional time to take expert depositions." (Doc. 22, at 3). Defendants also state

---

[3] The Court notes that Plaintiff does not argue that Defendants' supplemental expert disclosures were untimely produced in violation of the Scheduling and Discovery Order, nor does she say that the supplemental disclosures violated Rule 26(a) or (e).

4

Plaintiff "never asked to take the depositions of Defendants['] experts between June 9, 2025, when they were first disclosed, and August 7, 2025." *Id.* at 4. On the day the discovery period was set to expire, Plaintiff's counsel rejected the idea of further extending the discovery period and proceeded to file the instant motion. (Docs. 22, at 4; 22-4).

Plaintiff did not file a reply brief supporting her Motion to Exclude Defendants' Expert Witnesses (Doc. 22), and the time to do so has now expired.

## II. Legal Standard

District courts have broad discretion to exclude the testimony of an expert-witness who was untimely disclosed or who was not properly disclosed as an expert under Federal Rule of Civil Procedure 26 (a)(2). Fed. R Civ. P. 26(a), 37(c)(1); *Mitchell v. Ford Motor Co.*, 318 Fed. Appx. 821, 825 (11th Cir. 2009); *Dero Roofing, LLC v. Triton, Inc.*, 344 F.R.D. 566, 573 (M.D. Fla. 2023). Federal Rule of Civil Procedure 26(a)(2) governs the disclosure of expert testimony, requiring the parties to disclose the identity of any witness they may use at trial to present evidence under Federal Rules of Evidence 72, 703, or 705. The disclosure "must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). Rule 26(a)(2)(B) provides that an individual retained to provide expert testimony shall provide a written report that contains a complete statement of all opinions to be expressed and the basis and reasons for them; the data or other information considered by the witness in forming them; any exhibits that will be used; the witness' qualifications; a list of cases in which the expert has given testimony; and a statement of the compensation paid to the expert.

The Rule also provides that the parties must make their expert disclosures "at the time and in the sequence that the court orders," and "supplement these disclosures when required under

Rule 26(e)." Fed. R. Civ. P. 26(a)(2)(D)-(E). Rule 26(e) requires a party to supplement or correct its disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Rule 26(e)(2) states that for expert witnesses, the party's duty to supplement extends to information included in the expert report and to information given during the expert's deposition. Any additions or changes must be made when the party's pretrial disclosures are due under Rule 26(a)(3). See Fed. R. Civ. P. 26(e)(2). If a party fails to provide information as required by Rule 26(a) or (e), they may not use that information at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

### III. Analysis

   a. *Plaintiff's Motion to Exclude Defendants' Expert Witnesses due to untimely disclosure and failure to fully comply with Rule26(a)(2)(B).*

Plaintiff argues that testimony from Dr. Gower and Dr. Baratta should be excluded for the following reasons: (1) Defendants untimely disclosed their expert witnesses in violation of the Scheduling and Discovery Order and (2) Defendants improperly disclosed their expert witnesses in violation of Rule 26(a)(2)(B). According to Plaintiff, Defendants' "only timely attempt" at disclosing their expert witnesses was in responses to Plaintiff's requests for discovery. (Doc. 21, at 2). As evidence in support of that argument, Plaintiff directed the Court's attention to Exhibit B of her motion.

Exhibit B identifies and discloses Dr. Gower as "a board certified neuro-surgeon who is expected to testify regarding his examination and analysis of Plaintiff's medical records, including, but not limited to, the diagnosis, treatment, impressions, findings, causation of injuries, and prognosis from the medical providers that Plaintiff visited for the alleged injuries she suffered. Dr.

Gower is expected to testify to his interpretation of the MRIs and other imaging films taken of Plaintiff." (Doc. 21-2, at 2-3). Exhibit B further identifies and discloses Dr. Baratta as "a biomechanical engineer who is expected to testify as to the mechanism of injury and force exerted in the subject accident. [It states,] Dr. Baratta will offer his opinions as to the reconstruction of this accident and the causation of injury." *Id*. at 3. In addition to disclosing the identity of their expert witnesses, Exhibit B summarizes the anticipated testimony of Dr. Gower and Dr. Baratta; attaches the Curriculum Vitae for Dr. Gower and Dr. Baratta; and it attaches the fee schedule, a list of publications, and a list of testimonial history for Dr. Baratta. *Id.*

It is misleading for Plaintiff to say Defendants didn't disclose any experts until July 17, 2025, while simultaneously acknowledging Defendants' June 9th disclosure. *See generally*, Doc. 21-2. The Court agrees, and it appears that the Parties do not dispute, the June 9th disclosure only partially complies with Rule 26. Therefore, this Court finds that Defendants did timely disclose Dr. Gower and Dr. Baratta in compliance with the deadlines set forth in the District Court's Scheduling and Discovery Order. The issue before this Court is not whether Defendants' expert witnesses were untimely disclosed, the proper issue is whether the June 9th disclosure failed to comply with Rule 26(a) or (e). If the Court finds that Defendants failed to comply, the Court must then decide whether Defendants' failure to provide information required by Rule 26(a) or (e) was substantially justified or harmless. For the reasons stated below, this Court finds that Defendants' failure to provide information required by Rule 26(a) or (e) was harmless.

"The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Leathers v. Pfizer, Inc.*, 233 F.R.D. 687, 697 (N.D. Ga. 2006). "Failure to comply with Rule 26(a) is substantially justified when a reasonable person would be satisfied that [the] parties could differ as to whether the party was required to comply with the

disclosure request." *WM Aviation, LLC v. Cessna Aircraft Co.*, No. 6:11-cv-2005-Orl-18GJK, 2013 WL 12392477, at *3 (M.D. Fla. Apr. 12, 2013) (internal quotation and citation omitted). In determining whether a failure to disclose evidence is substantially justified or harmless, courts are guided by the following factors: "(1) the importance of the excluded testimony; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Izquierdo v. Certain Underwriters at Lloyd's London*, No. 20-13772, 2021 WL 3197008, at *3 (11th Cir. July 29, 2021).[4]

Compliance with the rigorous standards set forth in Rule 26(a) "is not merely aspirational." *OFS Fitel, LLC v. Epstein, Becker and Green, P.C.*, 549 F.3d 1344, 1363 (11th Cir. 2008). However, in what this Court interprets as an attempt to justify the incomplete June 9th expert witness disclosures, Defendants argue that they could not comply fully with the requirements of Rule 26(a) because Plaintiff did not disclose Dr. Cherukupally until June 5, 2025, despite the District Court's Scheduling and Discovery Order setting the date for such disclosure as May 7, 2025.[5] Rule 26(a)(2)(B) clearly states what an expert report must include and it is undisputed that Defendants' June 9th disclosure fell short of those requirements. At the very least, Defendants' June 9th disclosure failed to provide "a complete statement of all opinions the witness will express and the basis and reasons for them"; "facts or data considered by the witness in forming [their opinions]";

---

[4] It is frustrating for the Court that neither Party discussed these factors in their briefing, choosing instead to point the finger at each other without addressing the legal merits of the pending motions to exclude their expert witness.

[5] The Court notes, however, that Dr. Gower is expected to testify regarding "Plaintiff's medical records, including, but not limited to, the diagnosis, treatment, impressions, findings, causation of injuries, and prognosis" and Dr. Baratta is expected to testify about "the mechanism of injury and force exerted in the subject accident" as well as "the reconstruction of the accident and the causation of injury." (Doc. 22-3, at 1-2). Contrarily, Plaintiff disclosed Dr. Cherukupally as a life care planner whose role is to "estimate the costs associated with the client's future care needs" but not to render "a medical diagnosis, opinions on causation, or ordering/prescribing medical care." (Doc. 22-2, at 7).

"any exhibits that will be used to summarize or support [the expert's opinions]; or "a statement of compensation to be paid [to the expert witnesses]". *See* Fed. R. Civ. P. 26(a)(2)(B). The mere fact that Plaintiff may have failed to comply with the Scheduling and Discovery Order when disclosing Dr. Cherukupally does not automatically excuse Defendants from full compliance with Rule 26(a) or (e).

However, "the appropriateness of a party's justification turns [at least in part] upon whether the party knew or should have known that an expert was necessary before the late stages of the discovery period." *Morrison v. Mann*, 244 F.R.D. 668, 673 (N.D. Ga. 2007). Defendants argue that June 5, 2025 was the first time they learned of Plaintiff's expert witness. In balancing the four factors against the explanation given by Defendants for their failure to comply with Rule 26, the Court finds that Defendants have shown that the incomplete disclosure of their expert witnesses was substantially justified. Defendants could not have known if they would need an expert witness until Plaintiff disclosed Dr. Cherukupally. After Dr. Cherukupally was disclosed, it appears to this Court that Defendants rushed to gather whatever information they could from their expert witnesses to meet their deadline for disclosure in the Scheduling and Discovery Order.

"As to the issue of harm, '[a] failure to timely make the required disclosures is harmless when there is no prejudice to the party entitled to the disclosure.'" *Riley v. Lake City Nursing & Rehab. Ctr., LLC,* No. 1:20-cv-4986-VMC, 2023 WL 3627889, at *5 (N.D. Ga. Mar. 7, 2023) (alteration in original) (quoting *Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681, 683 (M.D. Fla. 2010)). With respect to the first factor, there is no dispute that the evidence presented by expert witnesses is important to the litigation of this matter. As for the second factor, the Court reasons that Defendants were not aware of the need to obtain expert witnesses until after Plaintiff disclosed her expert witness. As for the third factor, the Court finds that Plaintiff is not facing surprise and

unfair prejudice. Plaintiff's untimely disclosure of Dr. Cherukupally, and lack of cooperation in seeking permission from the Court to adjust the deadlines in the Scheduling and Discovery Order, set off a series of events that placed Defendants in a difficult position to meet their June 9th deadline. As such, Plaintiff cannot claim surprise that Defendants would likely need to supplement their disclosures. As for the last factor, any surprise or prejudice that Plaintiff may claim was cured when Defendants supplemented their report in accordance with the deadline set forth in Scheduling and Discovery Order. Moreover, the District Court has not yet scheduled this matter for a pretrial conference or a trial.  As such, the undersigned finds that a disruption in the trial is unlikely if Dr. Gower and Dr. Baratta's testimony were allowed. As suggested by Defendants in August, reopening and extending discovery would allow Plaintiff an opportunity to take the depositions of the expert witnesses and file any potential *Daubert* motions. Having weighed the four factors, the Court finds that Defendants' incomplete disclosure of Dr. Gower and Dr. Baratta on June 9th was harmless. The supplemental disclosure on July 17th cured any harm or surprise, and Plaintiff has not challenged the sufficiency of the supplemental disclosure. Therefore, the sanction of exclusion is not warranted. Plaintiff's Motion to Exclude Defendants' Experts (Doc. 21) is **DENIED**..

      b.  *Defendants' Motion to Exclude Plaintiff's Expert Witness*

Defendants also filed a response in opposition to Plaintiff's Motion to Exclude Defendants' Experts and a Motion to Exclude Plaintiff's Expert. (Doc. 22). As grounds to exclude Plaintiff's expert witness, Dr. Cherukupally, Defendants' sole argument is that Plaintiff's disclosure was more than one month after the deadline set in the District Court's Scheduling Order. *Id.* at 2. Defendants' motion fails to address any harm they suffered because of the late disclosure or any potential prejudice if the Court were to allow the testimony. Plaintiff has offered this Court no explanation for her failure to promptly disclose Dr. Cherukupally. By failing to respond to Defendants' motion,

Plaintiff appears to indirectly concede that the untimely disclosure was not substantially justified or harmless. With very little substantive argument from Defendants and no response whatsoever from Plaintiff, the Court must consider if it is appropriate to allow the testimony of Dr. Cherukupally. Weighing the known facts as presented to the Court in the Parties' motions, and having considered the four factors, the Court finds that Plaintiff's untimely disclosure of Dr. Cherukupally was not substantially justified. However, in considering whether the untimely disclosure was harmless, this Court finds that the failure to disclose Dr. Cherukupally was harmless. The Court assumes the testimony of Plaintiff's only expert witness is essential evidence. In balancing the surprise and prejudice to Defendants, this Court believes the balance weighs in favor of the Plaintiff. Both parties have an opportunity to cure any surprise without disruption or delay in the trial. Accordingly, Defendants' Motion to Exclude Plaintiff's Expert Witness (Doc. 22) is **DENIED**.

## IV. Conclusion

Accordingly, given the transgressions of both Parties, under the circumstances, it is hereby **ORDERED** that

1. Plaintiff's Motion to Exclude Defendants' Experts (Doc. 21) is **DENIED**, and
2. Defendants' Motion to Exclude Plaintiff's Expert (Doc. 22) is **DENIED**.

This 23rd day of October, 2025.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE